ROBERT D. SHEPHERD v. STATE OF INDIANA.

[No. 1-377A41. Filed June 14, 1977. Rehearing denied July 22, 1977.]

*Robert J. Brown,* of North Vernon, for appellant.

*Theodore L. Sendak,* Attorney General, *Terry G. Duga,* Deputy Attorney General, for appellee.

LOWDERMILK, J.—Plaintiff-appellant, Robert D. Shepherd (Shepherd), was convicted following his trial to the court of Disorderly Conduct.[1] From the overruling of his Motion to Correct Errors, Shepherd perfects this appeal raising the following issue for our review:

1. Whether the judgment of the trial court is supported by sufficient evidence.

The facts necessary for our disposition of this appeal are as follows: On April 17, 1976, at approximately 8:15 p.m., Shepherd, and a companion, Chet Wills, drove a vehicle through Westport, Indiana, with its lights and siren on. Shepherd was a State Conservation Officer, and was not on official business at the time. The Town Marshall of Westport, his deputy, and

---

1. IC 1971, 33-27-2-1 (Burns Code Ed.).

the State Police pursued Shepherd's vehicle stopping it on CR 1100 South, approximately two miles west of Westport.

. The record discloses, when viewed most favorably to the State, that Shepherd acted in a rude and offensive manner toward the investigating officer(s), taking a swing at one of them. It was for this conduct, and not driving through Westport with the siren on, for which Shepherd was arrested and convicted of disorderly conduct.

IC 1971, 35-27-2-1 (Burns Code Ed.) provides as follows:

"Disorderly conduct—Penalty.—Whoever shall *act* in a loud, boisterous or disorderly manner *so as to disturb the peace and quiet of any neighborhood or family,* by loud or unusual noise, or by tumultuous or offensive behavior, threatening, traducing, quarreling, challenging to fight or fighting, shall be deemed guilty of disorderly conduct, and upon conviction, shall be fined in any sum not exceeding five hundred dollars [$500] to which may be added imprisonment for not to exceed one hundred eighty [180] days [Acts 1943, ch. 243, § 1, p. 685; 1969, ch. 161, § 1, p. 329.]" (Our emphasis)

Specifically, Shepherd was charged with disturbing the peace and quiet of the *neighborhood* located at CR 1100 South approximately two miles west of Westport. The word *family* as found in IC 35-27-2-1, *supra,* was explicitly deleted from the State's charging papers. Therefore, it was incumbent upon the State to prove beyond a reasonable doubt that Shepherd's disorderly actions took place in a neighborhood. IC 35-27-2-1, *supra.*

The evidence most favorable to the State discloses that the point where Shepherd's vehicle was stopped was an open country area. Although unclear from the record, it appears there were either one or two houses in the area which sat back off the road. The proximity of the houses to each other, assuming there were two houses, is unclear from the record.

It is the opinion of this court that the above evidence was insufficient to prove beyond a reasonable doubt that Shepherd's

remarks and conduct toward the arresting officer(s) took place within a "neighborhood" as mandated by IC 35-27-2-1, *supra*.

Webster's Third New International Dictionary defines a neighborhood, *inter-alia*, as follows:

". . . 4a: a number of people forming a loosely cohesive community within a larger unit (as a city, town) and living close or fairly close together in a more or less familiar association with each other within a relatively small section or district . . . having some common or fairly common identifying feature (as approximate equality of economic condition, similar social status, similar national origins or religion, similar interests) . . . some degree of self-sufficiency as a group (as through local schools, churches, libraries, business establishments, cultural and recreational facilities . . ." See generally, 28 Words and Phrases, *Neighborhood* (1976 Supp.)

The State's proof which tended to show one or two houses were in the general area where Shepherd's vehicle was stopped by the police falls short of proof beyond a reasonable doubt that the peace and quiet of any neighborhood was disturbed.

The State having failed to prove beyond a reasonable doubt one of the essential elements of the crime of which Shepherd was charged, the judgment of the trial court must be reversed.

Owing to our disposition of this issue, it will be unnecessary for this court to address Shepherd's additional assignments of error.

Judgment reversed.

Robertson, C.J. and Buchanan, P.J., by designation, concur.

NOTE.—Reported at 363 N.E.2d 1253.